NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2593
_____

HERNANDO RODRIGUEZ,
                                        Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent


_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A097-437-247)
Immigration Judge:  Honorable Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2010
Before:  SLOVITER, JORDAN and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 20, 2010)
_____

OPINION
_____

PER CURIAM

     Hernando Rodriguez petitions for review of an order of the Board of Immigration

Appeals ("BIA") affirming the Immigration Judge's ("IJ") order of removal.  For the

reasons that follow, we will deny the petition for review.

Petitioner, Hernando Rodriguez, is a native and citizen of Colombia. He entered the United States in March 1999 and overstayed his visa. He is married to, but currently separated from, a U.S. citizen. He and his wife initially pursued adjustment of status but his application was denied, apparently due to their failure to appear for an interview. In 2004, removal proceedings were initiated against petitioner. In response, he applied for withholding of removal and relief under the Convention Against Torture ("CAT"), explaining that he feared persecution by "the authorities, the paramilitaries, or the population in society in general" on the basis of his HIV-positive status.[1] (App. 180.) Following a hearing, the IJ denied his application, concluding that Rodriguez had failed to meet his burden of proving a likelihood of persecution or torture. The BIA affirmed and dismissed his appeal. Rodriguez timely filed a petition for review.

We have jurisdiction over this petition for review under 8 U.S.C. § 1252. Where the BIA agrees with the IJ's factual findings and supplements its reasoning, we review both decisions. See Abdulai v. Ashcroft, 239 F.3d 542, 549 n.2 (3d Cir. 2001). Factual findings are reviewed for "substantial evidence," such that they must be upheld unless the evidence not only supports a contrary conclusion, but compels it. See Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). We apply de novo review to legal determinations. See Kaplun v. Attorney Gen., __ F.3d __, 2010 WL 1409019, at *3 (3d

---

[1]Rodriguez initially sought asylum, but withdrew his claim for relief, anticipating that it would be deemed time-barred. See 8 U.S.C. § 1158(a)(2)(B) (asylum application must be filed within one year of entry into United States).

2

Cir. 2010).

To be entitled to withholding of removal to a specific country, an applicant must prove that it is more likely than not that his "life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3); Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003). The applicant can satisfy this standard either by demonstrating past persecution or a likelihood of future persecution. See 8 C.F.R. § 1208.16(b). An applicant need not show that he would be singled out for persecution in the future if he can demonstrate "that in that country there is a pattern or practice of persecution of a group of persons similarly situated to the applicant" and the applicant is a member of such a group. See 8 C.F.R. § 1208.16(b)(2). For relief under the CAT, an applicant must prove that it is more likely than not that he would be tortured if removed to his country of origin. See 8 C.F.R. § 1208.16(c)(2). "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel and inhuman treatment or punishment that do not amount to torture." Zubeda, 333 F. 3d at 472 (citing 8 C.F.R. § 1208.18(a)(2)).

In support of his application, Rodriguez averred: "I fear that if I return to Colombia I will be singled out and harmed by the authorities or third parties due to my HIV infection status and because it will be presumed that I am either a drug addict, gay or a prostitute. I fear that not only will medical attention be withheld due to my status but

3

also that I will be physically harmed or killed as a result of hatred towards people with my sickness." (App. 180.) At the hearing, he testified regarding this fear, maintaining that if he is removed to Colombia and the paramilitaries discover his medical condition, they will think that he is a prostitute and an anti-social person and target him. (App. 74-78.) He also testified that he does not believe the Colombian government would protect him as it is corrupt, and that he does not know how he will treat his HIV in Colombia. (App. 76.) He did not offer any letters, affidavits or other testimony in support of his claim. He did, however, submit numerous news articles describing discrimination against gay people in Colombia and other countries, an article from 2001 describing the mandatory HIV testing of all teen and adult residents of the town of Vista Hermosa by the Revolutionary Armed Forces of Colombia (FARC) (App. 91), and a report titled "HIV and AIDS in Latin America" which reported that another group, the United Self-Defense Forces of Colombia ("the AUC"), demanded that all HIV-positive people in Barrancabermeja abandon the city within 24 hours. (App. 113.)

The IJ found that Rodriguez was a credible witness, is HIV positive and is genuinely afraid to return to Colombia. However, the IJ concluded that Rodriguez had not demonstrated that he is likely to be tortured or that it is more likely than not that his life or freedom will be threatened due to his status. The IJ based this conclusion in part on the facts that Rodriguez had not demonstrated that he is part of any particular social group and that it is unlikely that anyone would be able to tell from looking at him that he

4

is HIV positive. Additionally, the IJ held that Rodriguez failed to provide sufficient documentation to support his argument that an HIV-positive person would be harmed by paramilitaries because he is viewed as a prostitute or otherwise anti-social person. As it was undisputed that Rodriguez was not persecuted in the past, and as he failed to demonstrate a likelihood of persecution or torture in the future, the IJ concluded that he had not met his burden of proof.

The BIA found no clear error in the IJ's factual findings and agreed that Rodriguez had not met his burden of proof regarding the requested forms of relief. Assuming without deciding that Rodriguez belonged to a particular social group composed of people who are HIV positive, the BIA held that he nonetheless failed to demonstrate that it is more likely than not that he would be persecuted or tortured by or with the acquiescence of the Colombian government based on this status. See 8 C.F.R. § 1208.18(a)(1).

In his petition for review, Rodriguez contests the IJ's conclusions that others would not know of his condition, that he did not present sufficient evidence of his medical condition or of the availability or cost of medical treatment in Colombia, that he failed to demonstrate that he belonged to a particular social group, and that it was unclear whether banishment rose to the level of persecution. In addition, he argues that the IJ's failure to take judicial notice of the fact that his medications prevent him from visibly manifesting signs of being HIV positive deprived him of his right to due process. While we appreciate all of these arguments, we need not reach them, as we conclude that the

5

BIA did not err in determining that, even assuming Rodriguez was a member of a particular social group of people who are HIV positive, he did not demonstrate that it was more likely than not that he would be persecuted or tortured in Colombia on the basis of this group affiliation. Rodriguez did not present any evidence of a pattern and practice of persecution of people with HIV positive status in Colombia, did not demonstrate that the discriminatory practices of the paramilitary groups were widespread or likely to affect him, and did not offer affirmative evidence that the government of Colombia is unable or unwilling to control any such activities.

Based on the foregoing, we will deny the petition for review.